Jonathon P. Hauenschild (SBN 249615)
FEDERATION FOR AMERICAN IMMIGRATION REFORM
25 Massachusetts Ave., NW, Ste. 330
Washington, DC 20001
(202) 328-7004
jhauenschild@fairus.org

Counsel for *Movant* Federation for American Immigration Reform

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-05917<br><br>**NOTICE OF MOTION AND MOTION OF FEDERATION FOR AMERICAN IMMIGRATION REFORM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>NO HEARING NOTICED<br><br>Courtroom 6D, Hon. Fernando Manzano Olguin |

**To All Parties and their Counsels of Record**:

**PLEASE TAKE NOTICE** that Movant Federation for American Immigration Reform (FAIR) respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of the Plaintiff and its opposition to the Defendants' Motion to Dismiss (Defendants' "motion"). Pursuant to Local Rule 7-15, Movant believes this Motion for Leave may be decided without a hearing and thus waives its right(s) to oral argument.

Although FAIR's motion does not require a hearing, its *amicus* brief concerns the matter being heard on October 2, 2025 at 10:00 a.m., before Judge Olguin. At the hearing, Defendants seek to dismiss the Federal Government's claims that their Sanctuary Policies are preempted by the Immigration and Naturalization Act (INA). The *amicus* brief that is the subject of FAIR's motion addresses the Supreme Court and Ninth Circuit's standards for conflict-obstacle and conflict-impossibility preemption and whether the Defendants can, among other things, raise the Tenth Amendment as a bar to the Government's suit.

As stated in the accompanying Declaration and pursuant to Local Rule 7-3, the undersigned Counsel has met and conferred with the parties to seek consent for the filing of this Motion and accompanying proposed *amicus* brief. The Plaintiffs consented. The Defendants have indicated that they intend to oppose this Motion for Leave.

## IDENTITY AND INTEREST OF *AMICI CURIAE*

*Amicus curiae* FAIR is a non-profit 501(c)(3) public interest organization dedicated to informing the public about the effects of both unlawful and lawful immigration, and to defending in court the interests of Americans by limiting overall immigration, enhancing border security, and ending illegal immigration. In short, FAIR seeks to protect all Americans against the substantial harms caused by unlawful immigration.

FAIR has been involved in more 100 legal cases since 1980, either as a party or as *amicus curiae*, and has consistently defended American interests in court. The decision in this case will likely have an impact on the ability of the executive branch of the federal government to identify and deal efficiently, fairly, and safely with an illegal alien population estimated to exceed 18 million people in the United States. *Amicus* FAIR has direct and vital interests in defending the executive branch's ability to address the

current illegal alien crisis and State and local officials' ability to cooperate with federal immigration authorities.

## **REASONS TO GRANT LEAVE TO FILE**

FAIR respectfully submits that its *amicus* brief could aid this Court's consideration of the issues in this case.

Courts have broad discretion to accept briefs from *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (describing broad discretion to appoint *amici curiae*), *abrogated on other grounds*, *Sandin v. Conner*, 215 U.S. 472 (1995). Where the Local Rules and Federal Rules of Civil Procedure are silent as to governing standards for *amicus* briefs, "district courts rely on Federal Rule of Appellate Procedure 29 in addressing such requests." *United States v. State Water Res. Control Bd.*, 2020 U.S. Dist. LEXIS 72027, *9 (C.D. Cal. 2020). That is, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

The "touchstone is whether the amicus brief is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, 2019 U.S. Dist. LEXIS 214578, *3 (E.D. Cal.) (citations omitted). An *amicus* brief should normally be allowed "when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, 2022 U.S. Dist. LEXIS 246314, *2-3 (C.D. Cal. 2022), *citing Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). As a general rule, courts within the Ninth Circuit have

FAIR Motion for Leave to File, No. 2:25-cv-05917                                                       3

determined that "it is preferable to err on the side of permitting such amicus briefs if an amicus brief that turns out to be unhelpful is filed, the court can them simply disregard the brief. On the other hand, if a good brief is rejected, the court will be deprived of a resource that might have been of assistance." *Stoyas v. Toshiba Corp.*, 2021 U.S. Dist. LEXIS 106487, *4 (citation modified).

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

The accompanying *amicus* brief argues that this case should not be dismissed, because the City's sanctuary policies are conflict-obstacle preempted, the City's sanctuary policies are conflict-impossibility preempted, and the Tenth Amendment does not reserve to the City the power to enact its sanctuary policies.

On the first point, the brief argues that, by prohibiting local officers from sharing immigration-related information with federal officers, the City's policies stand as an obstacle to that cooperation among federal, state, and local law enforcement which it has been the purpose of Congress to facilitate. The policies also make it more difficult for the federal government

to achieve another, very obvious, purpose of Congress: enforcement of the immigration laws it has passed. As obstacles to both of these congressional purposes, the policies violate the Supremacy Clause of the Constitution.

On the second point, the brief argues that the Defendants' sanctuary policies also require City officials to withhold information about the location of removable aliens from federal officials, in violation of federal anti-harboring provisions. The policies thus violate the Supremacy Clause by making it impossible for City officials to obey both them and federal law.

On the third point, the brief argues that the Tenth Amendment is no defense. The Constitution has delegated to the federal government the power to control the admission and expulsion of aliens, and has prohibited, through the Supremacy Clause, states from adopting measures that conflict with federal law. On both grounds, a power to enact the City's preempted immigration policies does not meet the conditions set forth in the Tenth Amendment—*viz.*, that the power not be delegated to the United States by the Constitution, nor prohibited to the states by the Constitution—for the reservation of a power to the states.

Because these matters are relevant to the issues raised in Defendant's motion to dismiss, the proffered *amicus* brief may aid the Court.

## CONCLUSION

For the foregoing reasons, this Court should grant leave to file FAIR's *amicus* brief.

///
///
///
///
///
///

Dated: September 24, 2025     Respectfully submitted,

<div style="margin-left: 3em;">

s/ Jonathon P. Hauenschild
Jonathon P Hauenschild
FEDERATION FOR AMERICAN IMMIGRATION REFORM
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-7004
jhauenschild@fairus.org

Counsel for *Movant*
Federation for American Immigration Reform

</div>

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for *movant* Federation for American Immigration Reform, certifies that this document contains 1,239 words, which complies with the word limit of L.R. 11-6.1.

Dated this 24th day of September, 2025

                                 s/ Jonathon P. Hauenschild
                                 Jonathon P. Hauenschild

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2025, I electronically filed the foregoing motion for leave to file together with the accompanying amicus curiae brief, with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

s/ Jonathon P. Hauenschild
Jonathon P. Hauenschild