

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

CITY OF LOS ANGELES, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 25-5917 FMO (AYPx)

**ORDER RE: MOTION TO DISMISS**

Having reviewed and considered all the briefing filed with respect to the Motion to Dismiss (Dkt. 25, "Motion") filed by the City of Los Angeles ("City"), Mayor Karen Bass, the Los Angeles City Council, and City Council President Marqueece Harris Dawson (collectively, "defendants"), and the amicus brief filed by the Federation for American Immigration Reform ("FAIR") (Dkt. 32-1), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served,

the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The United States ("plaintiff" or "the government") challenges the City's 2024 ordinance titled the "Prohibition of the Use of City Resources for Federal Immigration Enforcement" ("Ordinance"). (See Dkt. 1, Complaint at ¶ 2). The Ordinance prohibits the City from using its own personnel, property, and other resources to assist federal immigration enforcement and from collecting or providing access to data or information regarding an individual's immigration status, unless required by federal or state law. See L.A. Admin. Code §§ 19.190, 19.191, & 19.192.

The government alleges that the Ordinance is unconstitutional because it violates the intergovernmental immunity doctrine by regulating and discriminating against the federal government, and is preempted by federal law. (See Dkt. 1, Complaint at ¶¶ 65-83). The court will grant defendants' Motion and dismiss the Complaint with leave to amend. In preparing the First Amended Complaint, plaintiff should carefully evaluate the issues outlined in this Order as well as the contentions in defendants' Motion. For example, defendants assert that "all Defendants other than the City of Los Angeles should be dismissed because they are redundant of Defendant City of Los Angeles." (Dkt. 25, Motion at 21). The court agrees and notes that the government did not oppose defendants' assertions, (see, generally, Dkt. 28, Opp.), thereby conceding that this action is against the City only. See, e.g., GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (finding that a plaintiff's failure to oppose a motion as to a particular issue should be "construe[d] as a concession" in the moving party's favor).

With respect to the government's preemption claim, the government alleges that the information sharing restrictions in §§ 19.191(a) and 19.192 of the Ordinance are "expressly preempted by the requirements" of federal law, including 8 U.S.C. §§ 1373 and 1357(g)(10)(A)-(B), among others. (See Dkt. 1 Complaint at ¶¶ 67-68). But as the City points out, "[s]ection 1357(g)(10) does not set forth any requirements at all." (Dkt. 25, Motion at 12). Instead,

the section merely clarifies that no cooperation agreement is required under § 1357(g) for state or local officials to communicate or cooperate with the government on certain immigration enforcement matters. See 8 U.S.C. § 1357(g)(10).

As to § 1373, the Ninth Circuit has repeatedly held that its scope is narrow and "only covers immigration-status information – i.e., what one's immigration status is." City & Cnty. of S.F. v. Garland, 42 F.4th 1078, 1085 (9th Cir. 2022) (internal quotation marks omitted); see United States v. California ("California"), 921 F.3d 865, 891-92 (9th Cir. 2019) (affirming district court's finding that the "plain meaning of Section 1373 limits its reach to information strictly pertaining to immigration status (i.e. what one's immigration status is) and does not include information like release dates and addresses.") (citation and internal quotation marks omitted); City & Cnty. of S.F. v. Barr ("Barr"), 965 F.3d 753, 764 (9th Cir. 2020) ("[T]he only information to which § 1373 extends" is "information regarding a person's citizenship or immigration status[.]"). Further, the government's contention that § 1373 preempts § 19.191(a) of the Ordinance because it allegedly "restricts the sending, requesting, maintaining, or exchanging of citizenship or immigration status by forbidding City personnel from inquiring into or collecting the information in the first place[,]" (see Dkt. 28, Opp. at 9), is unpersuasive. Section 19.191(a) merely restricts a City employee from inquiring into or collecting information about a person's citizenship or immigration status, see L.A. Admin. Code § 19.191(a), and says nothing about the City's ability to maintain or share such information. See, e.g., United States v. New York, 810 F.Supp.3d 329, 350 (N.D.N.Y. 2025) ("Since Sections 1373 and 1664 only prohibit restrictions on sharing information regarding citizenship or immigration status, and because the Executive Order does not prohibit the sharing of such information, these statutes clearly do not preempt this Executive Order.").

Similarly, § 19.192 contains a savings clause that expressly permits compliance with § 1373. See L.A. Admin Code § 19.192 (imposing restrictions "[e]xcept as required by 8 U.S.C. § 1373 or other applicable federal or state law"); see also California, 921 F.3d at 891 (citing the savings clause in Cal. Gov. Code § 7284.6(e) to hold that the California Values Act "expressly permits the sharing of [information required by § 1373], and so does not appear to conflict with [Section] 1373") (emphasis in original); Barr, 965 F.3d at 763-64 (rejecting the government's

contention that § 1373 and San Francisco's laws conflicted because the "prohibitions are subject to a savings clause, which requires compliance with federal law").

Finally, plaintiff's allegations are insufficient to establish that the Ordinance violates the intergovernmental immunity doctrine. The Ordinance does not directly regulate the federal government. Rather, it "controls the actions of [the City's] own agents and agencies." United States v. Illinois, 796 F.Supp.3d 494, 535 (N.D. Ill. 2025). In addition, the government has failed to plausibly allege that the Ordinance discriminates against it. See California, 921 F.3d at 876, 891 (rejecting same argument in a similar context). In short, the government has failed to plausibly allege that the Ordinance violates the doctrine of intergovernmental immunity.

Based on the foregoing, IT IS ORDERED THAT:

1. The Motion for Leave to File Amicus Brief **(Document No. 32)** is **granted**.

2. Defendants' Motion to Dismiss **(Document No. 25)** is **granted** as set forth below.

3. Defendants Mayor Karen Bass, the Los Angeles City Council, and City Council President Marqueece Harris Dawson are dismissed with prejudice. The sole remaining defendant shall be the City. Except as set forth above, the Complaint (Dkt. 1) is **dismissed with leave to amend**.

4. Plaintiff shall file a first amended complaint, attempting to cure the deficiencies set forth above, as well as the other alleged defects outlined in defendants' Motion, or a Notice of Intent to Stand on Original Complaint ("Notice of Intent"), no later than **July 3, 2026**. See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable."). The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

5. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 25-5917 FMO (AYPx). In addition, plaintiff is informed that the court cannot refer to a prior

pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

6. Plaintiff is cautioned that failure to timely file a First Amended Complaint or Notice of Intent shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

Dated this 20th day of June, 2026.


/s/
Fernando M. Olguin
United States District Judge